## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

MICHAEL LANON FORD                                              PLAINTIFF
ADC #103053

V.                            No. 1:18CV00046-KGB-JTR

LEVI LANGSTON, Corporal,
North Central Unit, ADC, *et al.*                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Michael Lanon Ford ("Ford") is a prisoner in the North Central Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and three Amended Complaints alleging that Defendants violated his

constitutional rights. *Docs. 1, 7, 11 & 13*.[1] Before Ford may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

Ford alleges that, on June 13, 2018, he was in the cafeteria when Defendant Corporal Levi Langston insulted him. Ford responded by "[sticking] up [his] middle finger" then saying, "Eat one that long," holding his arms about two feet apart. Langston then handcuffed Ford, which he characterized as being "further degraded," and escorted him out of the cafeteria before he could finish eating. *Doc. 7 at 4; Doc. 13 at 4.*

Ford was taken to restrictive housing. Later that day, Langston wrote a major disciplinary against Ford, charging him with "insolence to a staff member," in violation of prison rules. *Doc. 13 at 7.* On June 21, 2018, a disciplinary hearing was

---

[1]The Court has construed Ford's *pro se* Complaint and Amended Complaints, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

conducted, at which Ford declined to make a statement. The disciplinary hearing officer convicted Ford of the disciplinary charge and imposed punishment of forty-five days of restricted commissary, phone and visitation privileges, and a reduction in his classification level. *Id.* at 8-9.

In this § 1983 action, Ford alleges that: (1) Langston "lied" in the disciplinary report because Ford did not say the exact words Langston accused him of saying; (2) Langston wrote the disciplinary charge in retaliation for Ford's exercising his right to free speech and to file grievances; (3) Langston bullied and verbally harassed Ford; (4) Langston discriminated against Ford based on his race; (5) Langston violated ADC policy prohibiting employees from discriminating against or harassing inmates; and (6) Ford complained to Defendant Sergeant Wallace ("Wallace") about Langston's conduct, but Wallace failed to take corrective action. Ford alleges violations of the First, Eighth and Fourteenth Amendments, and seeks compensatory and punitive damages. *Docs. 7, 11 & 13*.

A. **Fourteenth Amendment Due Process Claim**

The major disciplinary charge Langston brought against Ford is not itself actionable under § 1983. It is well settled that an officer's mere filing of a disciplinary charge -- even an inaccurate or incomplete charge -- does not give rise to a § 1983 cause of action. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983).

To the extent that Ford challenges the subsequent disciplinary conviction and the punishment imposed, this due process claim also fails. A prisoner may only maintain a due process challenge to a disciplinary conviction or proceeding if he is deemed to have a liberty interest at stake. *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 846-47 (8th Cir. 2003). A prisoner does *not* have a liberty interest in avoiding temporary disciplinary segregation and the suspension of privileges, because such punishment does not create an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life."[3] *Sandin,* 515 U.S. at 482-86 (thirty days in disciplinary segregation); *Phillips,* 320 F.3d at 847 (thirty-seven days in isolation and loss of privileges of contact visitation, exercise and chapel); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive); *Kennedy v. Blankenship,* 100 F.3 640, 642-43 & n.2 (8th Cir. 1996) (thirty days in punitive segregation, which included the suspension of mail, telephone, visitation and commissary privileges).

Similarly, a prisoner does not have a liberty interest in maintaining his classification level. *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris,* 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dept. of Correction,* 107 Fed.

---

[3]The record makes it clear that Ford was in segregation no more than 45 days (the length of time his privileges were restricted) and most likely less than that. His disciplinary documents state that, after the incident in the cafeteria, he was "escorted to Restrictive Housing" and was "later released back to General Population." Doc. 13 at 7.

Appx. 695, 696 (8th Cir. 2003); *Carney v. Houston,* 33 F.3d 893, 894 (8th Cir. 1994); *Madewell v. Roberts,* 909 F.2d 1203, 1207 (8th Cir. 1990).

Because Ford's disciplinary conviction did not implicate a liberty interest, he has failed to state a viable due process claim.

Ford's allegation that Langston's conduct violated ADC policy also fails. As a matter of law, the violation of prison policy, standing alone, does not rise to the level of a constitutional violation actionable under § 1983. *Moore v. Rowley,* 126 Fed. Appx. 759, 760 (8th Cir. 2005); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). In addition, it is well settled that prisoners do not have a due process right to enforce compliance with internal prison rules or regulations. *Phillips,* 320 F.3d at 847; *Gardner,* 109 F.3d at 430.

Accordingly, Ford has not pled a viable § 1983 due process claim.

**B.     First Amendment Retaliation Claim**

Ford alleges that Langston wrote the disciplinary in retaliation for Ford's exercise of his First Amendment right to freedom of speech. *Doc. 13 at 4*. He also alleges, generally, that Langston "uses the unit disciplinary [process] as a way of retaliation if you write a grievance on him." *Doc. 7 at 4*.

The Eighth Circuit has recognized that the filing of a disciplinary charge – which is otherwise not actionable under § 1983 -- may be actionable if the charge

5

was written in retaliation for the inmate's exercising a constitutional right. *See Dixon v. Brown*, 38 F.3d 379, 379–80 (8th Cir. 1994); *Sprouse*, 870 F.2d at 451.

Although Ford's disrespectful comment and gesture to Langston is *not* constitutionally protected,[4] the filing of prison grievances is protected First Amendment activity capable of supporting a viable retaliation claim. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). However, a retaliatory disciplinary claim fails, as a matter of law, if there was "some evidence" to support the underlying disciplinary conviction. *See Cowans,* 150 F.3d at 912 (holding that inmate failed to state claim for retaliatory disciplinary where he was found guilty of violating prison rules against using abusive and insulting language); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir.1993) (same). In this respect, "a report from a correctional officer, even

---

[4]Due to his status as a prisoner, Ford retains only "those First Amendment rights that are not inconsistent with" such status, "or with the legitimate penological objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 822 (1974). A prisoner does *not* have a First Amendment right to use vulgar, insolent or other inappropriate language in violation of prison rules. *Kervin v. Barnes,* 787 F.3d 833, 835 (7th Cir 2015) ("[B]acktalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected."); *Turner v. Falk,* 632 Fed. Appx. 457, 460 (10th Cir. 2015) (prisoner does not "have a First Amendment right to make violent, explicit, or harassing statements, at least when he has been warned not to"); *Huff v. Mahon,* 312 Fed. Appx. 530, 531-32 (4th Cir. 2009) ("An inmate does not have a First Amendment right to direct disrespectful comments to a prison official, whether verbally or in writing[.]"); *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998) (finding no freedom of speech violation when prison officials punished an inmate for using abusive language in his grievances).

if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *see also Henderson*, 29 F.3d at 469. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

Ford *does not dispute* that he directed a profane and insolent comment and gesture toward Langston. This admission, coupled with Langston's account of the incident, clearly constitutes "some evidence" to support Ford's disciplinary conviction for "insolence to a staff member." Accordingly, Ford has not stated a viable First Amendment retaliation claim.

### C. Fourteenth Amendment Racial Discrimination Claim

Ford asserts, in a conclusory manner, that Langston "is known" for racially discriminating against inmates and picked him out for harassment on that basis. *Doc. 7 at 7; Doc. 13 at 4.* Although provided the opportunity to explain "the reason he believes Langston discriminated against him based on his race," Ford has not presented *any* facts suggesting that Langston intentionally treated him differently from other inmates on that basis. *See Docs. 8, 11 & 13.* Thus, Ford has failed to allege sufficient "factual content to 'nudge' his claim of purposeful discrimination 'across the line from conceivable to plausible,'" as is required to state a § 1983 claim.

7

*Iqbal,* 556 U.S. at 678, 683 (a "pleading that offers 'labels and conclusions'" and "naked assertions devoid of further factual enhancement" is insufficient "to state a claim to relief that is plausible on its face"; dismissing complaint that "does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind"); *Doering v. Tate,* No. 5:13cv00147-JLH-JTR, 2013 WL 3874294, at *2 (E.D. Ark. July 26, 2013) (dismissing, for failure to state a viable claim, a prisoner's "vague and conclusory" allegations that he was discriminated against due to his race).

Accordingly, Ford has not pled a viable racial discrimination claim.

### D.     Verbal Harassment Claim

It is well settled that verbal abuse, name-calling and harassment by a prison official do not amount to a § 1983 claim. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats and name-calling are not actionable under § 1983); *see also Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (no constitutional violation due to two incidents of "thoroughly offensive" and "racially derogatory language").

Accordingly, Ford's allegations that Langston "bullied" and "harassed" him fail to state a viable § 1983 claim.

### E. Eighth Amendment Cruel and Unusual Punishment Claim

Ford alleges that Langston subjected him to "cruel and unusual punishment" in violation of the Eighth Amendment. Specifically, he contends that: (1) Langston's handcuffing and removal of him from the cafeteria "degraded" him and prevented him from finishing his meal and engaging in activities such as mailing a letter, playing dominoes and other games, talking on the phone, going to the gym, going to yard call, and going to the library; (2) Langston refused to loosen the handcuffs, which were hurting his wrists, and forced him to walk to isolation, which hurt his legs; (3) Langston's actions "upset" Ford, giving him a headache, blurred vision and shortness of breath; (4) as a result of the reduction in his classification level, he cannot get weekly visits, go up for parole, be on inmate counsel, be in hobbycraft, go on meritorious furlough, go on work release, or earn extra good-time credits; and (5) because the disciplinary conviction was posted online, his character has been "defamed." *Doc. 13 at 4-5*.

To establish an Eighth Amendment claim, a prisoner must show "unnecessary and wanton infliction of pain," as well as a deprivation "denying the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). In this case, the temporary and minor deprivations that Ford alleges fall far short of

meeting this standard. *See, e.g., Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) (Eighth Amendment claims "require a compensable injury to be greater than *de minimis*"); *Phillips*, 320 F.3d at 848 (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend thirty-seven days in punitive isolation -- where he was not allowed contact visitation, exercise privileges, or chapel rights -- did not amount to an Eighth Amendment violation); *Eugene v. Klecker*, 636 F.2d 250, 251 (8th Cir. 1980) (holding that the loss of good time credits was not an Eighth Amendment violation); *Paul v. Davis*, 424 U.S. 693, 701-02 (1976) (defamation claims are not actionable under § 1983).

Accordingly, Ford has failed to state a viable Eighth Amendment claim.

### F. Corrective Inaction Claim

Finally, because Ford has failed to demonstrate an underlying constitutional violation, his corrective inaction claim against Wallace fails, as a matter of law. *See Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 420 (8th Cir. 2017) (supervisory liability claims "automatically fail for lack of an underlying constitutional violation"); *Schoettle v. Jefferson County*, 788 F.3d 855, 861-62 (8th Cir. 2015) ("We have long held that neither municipal nor supervisory liability may attach in section 1983 actions unless individual liability is first found on an underlying substantive claim."); *Williams v. Davis*, 200 F.3d 538, 539 (8th

Cir. 2000) ("Absent a constitutional violation, there [is] no basis for section 1983 liability on the part of [supervisors].").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Ford's Complaint and Amended Complaints (*Docs. 1, 7, 11 & 13*) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 23rd day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE